UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br><br>BRANDON AND CARLA YOUNG | CHAPTER 13<br>CASE NO. 14- |
| | Chapter 13Plan |

### Chapter 13 Plan

1. Payments to the trustee: The future earnings of the debtors are submitted to the supervision and control of the Court on the following terms:
    a. Monthly payment:
        i. $300 for the months of August, September, October, November and December of 2014.
        ii. $600 for the month of January, 2015 and each month their after.
        iii. Monthly Payments to be made beginning August 15th, 2014 and the 15th of each month thereafter.
    b. Federal Tax returns to be turned over to the Trustee within 30 days of receipt: 100%.
    c. State Tax returns to be turned over to the Trustee within 30 days of receipt: 100%.
2. Plan Length: 60 months
3. Secured Claims to be paid directly by Debtors
    a. Home Mortgage to Wells Fargo Home Mortgage to be paid in line with original note.
    b. Loan for a 2012 Chevy Malibu to be paid to Deere Employees Credit Union in line with original note.

4. The Trustee shall make disbursements from the received funds in the following amounts:
    a. Priority claims under 11 USC 507 to be paid concurrently and pro rata with secured claimholders:
        i. None. (Debtor notes that any and all attorney fees will be the responsibility of a third party pre-paid legal services program.)

    b. Secured Claims that will extend beyond the term of the Plan, with the Trustee curing any defaults and the balance of the claim to be paid directly by the debtor(s) according to the terms of the loan agreement
        i. Wells Fargo to be paid 100% for any deficiency at time of filing for a first mortgage; deficiency estimated to be $7,000.
        ii. Deere Employees Credit Union to be paid 100% for any deficiency at time of filing for a loan on a 2007 GMC Yukon; deficiency estimated to be $548.
    c. Secured claims to be paid at their 11 U.S.C. §506(a) cramdown value:
        i. Deere Employees Credit Union to be paid $21,500 at 5 percent interest for a 2007 GMC Yukon.
    d. The Chapter 13 Trustee shall be entitled to reimbursement of fees and costs up to such amounts as are fixed by the Attorney General for such fees and costs, and to be paid pursuant to a memo from the chapter 13 Trustee dated June 10th, 2014:

        " […] Beginning October 1, 2014, pursuant to 28 U.S.C. § 586(e)(2) all Chapter 13 Trustees will collect their fee from all Plan payments received. [Marsha L. Combs-Skinner has] been selected to participate in a pilot program for this policy change and therefore, [she] will begin collecting the Trustee fee on the receipt of Plan payments beginning June 1, 2014."

    e. After each of the above debts 4(a)-4(d) is paid, the trustee shall pay the holders of any valid unsecured claims pro rata, an amount estimated to be 0%.

5. The debtors do not propose the turnover of any secured property to secured creditors.
6. The debtors shall pay 100% of all post-petition claims that arise.
7. Timely filed claims shall be allowed by amount and classification subject to objections by the debtors.
8. All late-filed claims shall be classified as such and paid 0%.

[Remainder of Page left intentionally Blank]

9. The whole of the plan is contained above, the following estimates are provided for reference only and are not to be relied on by any creditor as a guarantee of payment or payment amounts. The debtors estimate the debts to be paid as follows:

    a. Plan Payments
        i. Priority                              $1,800.00
            1. Trustee's Fees                    $1,800.00
            2. Attorneys Fees                    $0.00
            (Attorney's fees pre- paid by a third party)
        ii. Secured Creditors                    $32,548.00
        iii. General Unsecured:                  $152.00
        iv. Total Creditor Payments:             $32,700.00
    b. TOTAL Payments:                           $34,500.00
10. A hypothetical Chapter 7 case would provide $0.00 non-exempt assets to be distributed to creditors and therefore this Chapter 13 Plan is in the best interest of the creditors.

Date: 7/24/2014                 _____/s/_____
                                William Lester Breedlove
                                Attorney for the Debtors

William Lester Breedlove
Winstein Kavensky & Cunningham, LLC
224 18th Street, Suite 400
Rock Island, Illinois 61201
(P) 309.794.1515
(F) 309.794.9929
(E) WBreedlove@wkclawfirm.com

Approved for Filing by the Debtors:


_____/s/_____
Brandon Young


_____/s/_____
Karla Young